IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAVON SURRATT<br>4101 Russell Avenue<br>Apt. #1<br>Mt. Rainier, MD 20712<br><br>on behalf of himself and all others<br>similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>CLYDE'S OF GALLERY PLACE, INC.<br>707 7th Street, N.W.<br>Washington, DC 20007<br><br>SERVE: S.F.H. & T. Corporation<br>    1700 Wisconsin Ave., N.W.<br>    Washington, DC 20007<br><br>      Defendant. | Case No.<br><br>**COMPLAINT -- COLLECTIVE<br>ACTION AND CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Lavon Surratt, on behalf of himself and on behalf of all others similarly situated, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff, Lavon Surratt, on behalf of himself and on behalf of all other similarly situated employees employed by the Defendant Clyde's of Gallery Place, Inc., since June 2007, brings this lawsuit to recover unpaid wages and unpaid overtime compensation, plus an additional equal amount of liquidated damages, the costs of this action and reasonable attorney's fees, under the Fair Labor Standards Act of 1928, as amended, 29 U.S.C. §§ 201- 219 (hereinafter referred to as "the FLSA") and under the District of

Columbia Minimum Wage Act Revision Act, D.C. Code § 32-1001 *et seq.* Plaintiff also brings a claim for unpaid wages, plus an additional equal amount of liquidated damages, the costs of this action and reasonable attorney's fees, under the District of Columbia Wage Payment and Wage Collection Act, D.C. Code §32-1301 *et seq.*, on behalf of himself and as a class consisting of all persons performing non-exempt work for Defendant in the District of Columbia since June 2007.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b). The Court has jurisdiction over Plaintiffs' D.C. wage claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as Defendant does business within, and therefore may be deemed to reside within, this judicial district.

## PARTIES

4. Plaintiff Lavon Surratt is a natural person and a resident of Mt. Rainier, Maryland, and at all times relevant to this cause of action was an employee within the meaning of the FLSA and the District of Columbia Minimum Wage Act Revision Act and the District of Columbia District of Columbia Wage Payment and Wage Collection Act.

5. Defendant Clyde's of Gallery Place is a District of Columbia Corporation and at all times relevant to this cause of action was an employer within the meaning of the FLSA and the District of Columbia Minimum Wage Act Revision Act and the District of Columbia Wage Payment and Wage Collection Act.

6. At all times material hereto, Defendant was, and continues to be, engaged in

interstate commerce as defined by the FLSA.

7. At all times material hereto, during his employment with Defendant, Plaintiff was engaged in interstate commerce.

8. The additional persons who may become Plaintiffs in this action, and who Plaintiff believes are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former employees of Defendant similarly situated to Plaintiff who are or who were subject to the payroll practices and procedures described in the paragraphs below.

## SUBSTANTIVE ALLEGATIONS

9. At all times pertinent to this Complaint, Plaintiff was employed with Defendant as a server.

10. Plaintiff usually worked six days per week. When he worked the dinner shift, he was generally on duty from 4:30 p.m. to 1:30 a.m. but occasionally had to stay as late as 2:30 a.m. On weekends, the dinner shift started at 3:30 p.m. When he worked the lunch shift, he was generally on duty from 9:30 a.m. to 5:30 p.m. On weekends, the lunch shift started at 8:30 a.m. Plaintiff usually worked two lunch shifts and four dinner shifts per week. Plaintiff generally worked over fifty hours per week.

11. Plaintiff's compensation was twofold. He earned $2.77 per hour (the minimum wage for tipped employees) plus gratuities.

12. When Plaintiff reported to work, he clocked in on a machine that registered his thumbprint. Plaintiff also clocked out on this machine. Plaintiff was able to use the time clock machine to print his time records for each day that he worked.

13. Plaintiff received earnings statements from Defendant every two weeks. The

earnings statements were incorrect in that they did not reflect the total time Plaintiff worked. Although the time clock machine records stated that Plaintiff was working over forty hours per week, the earnings statements generally reflected less than eighty hours for a two-week period. As a result, Plaintiff was not paid for all of the hours that he worked and he was not paid the additional overtime premium to which he was entitled. For example:

- For the pay period ending October 20, 2009, Plaintiff's time clock machine records show that he worked 93 hours and 31 minutes. However, his earning statement for this same pay period reflects only 77.40 hours.

- For the pay period ending December 29, 2009, Plaintiff's time clock machine records show that he worked 90 hours and 25 minutes. However, his earning statement for this same pay period reflects only 70.73 hours.

- For the pay period ending April 20, 2010, Plaintiff's time clock machine records show that he worked 95 hours and 12 minutes. However, his earning statement for this same pay period reflects only 80 hours.

14. Plaintiff's time clock machine records indicate that his managers altered his time records. Any time a manager accesses the time clock machine and enters or changes an employee's time, an asterisk appears next to the entry.

15. Plaintiff's manager accessed the time clock machine and clocked out Plaintiff before Plaintiff was finished with his shift. In addition the manager changed Plaintiff's hours in the time clock machine to reflect less time worked. For example:

- On March 17, 2010, Plaintiff began work at 4:30 p.m. and did not finish working until 2:13 a.m. the following day. His manager clocked him out at 1:30 a.m.

Later, the manager changed the entry on the time clock machine records to reflect that Plaintiff finished work at 11:30 p.m.

- On April 7, 2010, the time clock machine records indicate that Plaintiff's manager clocked him out at 2:00 a.m. Later, the manager changed the entry on the time clock machine records to reflect that Plaintiff finished work at 11:30 p.m.

16. On information and belief, Defendant altered the time records of other servers so that the time records did not reflect the total hours that the servers worked.

17. On information and belief, Defendant had a policy of rewarding its managers for keeping the servers from working overtime. Managers would receive an end of year bonus if the servers did not work overtime.

18. As a result of this policy, Defendant's managers had an incentive to falsify the servers' hours so that the servers would not earn overtime payments. The managers ignored the time clock machine records and instead entered a random amount of hours on the servers' earnings statements.

19. If servers complained to the managers about the discrepancies in their hours, the managers would punish the servers by putting them on shifts where they would not earn as much money in tips or moving them to a section of the restaurant where they would not earn as much money in tips. Thus, managers were able to discourage servers from complaining about not earning overtime.

20. The pay practices of the Defendant, as described in the above paragraphs, violated and continue to violate the FLSA, the District of Columbia Minimum Wage Act Revision Act, and the District of Columbia Wage Payment and Wage Collection Act by failing to properly pay overtime to Plaintiff and those other current and former employees

similarly situated to Plaintiff, for those hours worked in excess of forty (40).

21. During the three (3) years preceding the filing of this lawsuit, Defendant has (1) employed and continues to employ individuals similarly situated to Plaintiff (i.e. servers) in Washington, D.C; (2) falsified and continues to falsify the total hours these employees worked per week; and (3) suffered or permitted to be suffered, with knowledge, hours of service by these employees in excess of forty (40) during one or more workweeks, for which Defendant fails to properly pay additional overtime premiums. Each improperly paid employee who performed and/or continues to perform services for Defendant, for any time period during the three (3) years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this cause of action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and respective classes of similarly situated individuals.

23. The Class consists of all persons employed by Defendant in the District of Columbia since June 2007 in the classification of Server, and/or who performed work similar to the work performed by employees in this classification and who were not paid for all hours worked.

24. This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

25. <u>Numerosity</u>. On information and belief, the Class consists of hundreds of individuals and as such, all members cannot practically be joined as named parties herein.

26. <u>Existence and predominance of common questions.</u> Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. These common questions include, but are not limited to, the following:

   a. Whether Defendant had a practice and policy of falsifying the number of hours employees worked each week;

   b. Whether Defendant authorized the practice and policy of falsifying the number of hours employees worked each week;

   c. Whether Defendant falsified W-2's and similar governmental filings;

   d. What systems were used by Defendant to generate payroll;

   e. What systems were used by Defendant to track and record employee hours.

27. <u>Typicality.</u> Plaintiff's claims are typical of the claims of the Class because Plaintiff, like the other servers, worked hours for which he was not paid and for which he did not receive the overtime premium.

28. <u>Adequacy.</u> Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that are antagonistic to the interests of the Class as a whole. He is committed to the vigorous prosecution of this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

29. <u>Superiority.</u> The class action is superior to other available means for the fair and efficient adjudication of this dispute. Individual joinder of all members of the class is impractical. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individualized litigation also presets a potential for inconsistent or

contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

30. In the alternative, the Class may be certified because:

a. **Rule 23(b)(1)(A).** The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

b. **Rule 23(b)(1)(B).** The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class that would as a practical matter be dispositive of the interest of the other members not parties to the adjudications and/or substantially impair or impede their ability to protect their interests; and

c. **Rule 23(b)(2).** Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

**COUNT 1**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
(29 U.S.C. §§ 206(a) and 207(a))

31. Plaintiff reavers and realleges all allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

32. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party

Plaintiff in this FLSA action. His written consent is attached to this Complaint.

33. Defendant failed to pay Plaintiff minimum wages as required by the FLSA, often failing to pay him at all for the work he performed in violation of 29 U.S.C. § 206(a). All similarly situated employees are similarly owed minimum wages for the work they performed.

34. Under 29 U.S.C. § 207(a), Plaintiff is also entitled to additional compensation for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations. All similarly situated employees are similarly owed overtime compensation, calculated properly, for those overtime hours they worked and for which they were not properly paid.

35. Defendant's actions were willful as evidenced by its failure to pay Plaintiff and those similarly situated to him overtime when Defendant knew or should have known that such was due.

36. By reason of the willful and unlawful acts of the Defendant, Plaintiff and those similarly situated to him have suffered damages plus incurred costs and reasonable attorneys' fees.

37. As a result of the Defendant's violation of the FLSA, Plaintiff and those similarly situated to him are entitled to liquidated damages in an amount equal to that which they are owed.

WHEREFORE, Plaintiff Lavon Surratt, and those similarly situated to him, who have or will opt-in to this action, demand judgment against Defendant for the wages and overtime payments due for the hours worked for which Defendant has not properly compensated them, liquidated damages, reasonable attorneys' fees and costs of suit, and

for all other relief the Court deems just and proper.

## COUNT 2
## VIOLATION OF DC MINIMUM WAGE ACT REVISION ACT
(D.C. Code §32-1003 (c) and (f))

38. Plaintiff reavers and realleges all allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

39. The District of Columbia Minimum Wage Act Revision Act requires Defendant to pay Plaintiff and all employees similarly situated $2.77 per hour. D.C. Code § 32-1003 (f).

40. The District of Columbia Minimum Wage Act Revision Act also requires Defendant to pay Plaintiff and all employees similarly situated time and one-half overtime compensation for their hours worked in excess of 40 per workweek. D.C. Code § 32-1003(c).

41. Defendant's failure to pay minimum wages and overtime wages to Plaintiff and to those similarly situated to Plaintiff violates the District of Columbia Minimum Wage Act Revision Act.

42. Defendant's actions were willful and not in good faith as evidenced by its failure to pay Plaintiff and those similarly situated to him minimum wages and overtime when Defendant knew or should have known that such was due.

43. Under D.C. Code § 32-1012, the Court is permitted to award unpaid wages, an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

WHEREFORE, Plaintiff Lavon Surratt, and those similarly situated to him, who have or will opt-in to this action, demand judgment against Defendant for the wages and overtime payments due for the hours worked for which Defendant has not properly

compensated them, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

## COUNT 3
## VIOLATION OF DC WAGE PAYMENT AND WAGE COLLECTION ACT
(D.C. Code §32-1302(a))

44. Plaintiff reavers and realleges all allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

45. The District of Columbia Wage Payment And Wage Collection Act requires Defendant to pay Plaintiff and all employees similarly situated for all time worked.

46. Defendant had and continues to have a practice and policy of falsifying the number of hours worked by its employees in order to avoid paying overtime.

47. By falsifying Plaintiff's hours and the hours of employees similarly situated to Plaintiff, Defendant violated District of Columbia Wage Payment and Wage Collection Act.

48. Under D.C. Code § 32-1308(a), Plaintiff and all similarly situated employees are entitled, in addition to back pay and overtime compensation, to an additional equal amount as liquidated damages for Defendant's violation of the Wage Payment and Wage Collection Act and to reasonable attorney's fees and costs.

WHEREFORE, Plaintiff Lavon Surratt, and those similarly situated to him, who have or will opt-in to this action, demand judgment against Defendant for the wages and overtime payments due for the hours worked for which Defendant has not properly compensated them, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, for himself and for all employees similarly situated respectfully requests that this Court:

1. Enter judgment against Defendant Clyde's of Gallery Place, Inc. for all unpaid wages and unpaid overtime compensation found due to Plaintiff and all similarly situated employees as a result of Defendant's violation of 29 U.S.C. §§ 206(a) and 207(a), plus an additional equal amount as liquidated damages, pursuant to 29 U.S.C. § 216(b);

2. Enter judgment against Defendant Clyde's of Gallery Place, Inc. for all unpaid wages and unpaid overtime compensation found due to Plaintiff and all similarly situated employees as a result of Defendant's violation of Sections 32-1003(c) and (f) of the District of Columbia Minimum Wage Act Revision Act, plus an additional equal amount as liquidated damages, pursuant to Section 32-1012(a);

3. Certify this action as a Class Action and appoint Plaintiff as the representative of the Class and the undersigned attorneys as Class Counsel;

4. Enter judgment against Defendant Clyde's of Gallery Place, Inc. for all unpaid wages found due to Plaintiff and the Class as a result of Defendant's violation of the District of Columbia Wage Payment and Wage Collection Act, plus an additional equal amount as liquidated damages, pursuant to Section 32-1308(a);

5. Award Plaintiff the costs of this action and his reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b), and Sections 32-1012(c) and 32-1308(b) of the District of Columbia Code; and

6. Grant Plaintiff such other relief as the Court deems just and proper

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: July 6, 2010

                                                   Respectfully submitted,

                                                   */s/ Alan Lescht*
                                                   Alan Lescht, DC Bar # 441691
                                                   Susan L. Kruger, DC Bar # 414566
                                                   ALAN LESCHT & ASSOCIATES, P.C.
                                                   1050 Seventeenth St., N.W.
                                                   Suite 400
                                                   Washington, DC 20036
                                                   (202) 463-6036
                                                   (202) 463-6067 (fax)


                                                   Steven N. Berk, DC Bar # 432870
                                                   BERK LAW PLLC
                                                   1225 Fifteenth Street, N.W.
                                                   Washington, DC  20005
                                                   (202) 232-7550
                                                   (202) 232-7556 (fax)

                                                   Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAVON SURRATT | ) | |
| | ) | Case No. |
| | ) | |
| | ) | CONSENT RE: COMPLAINT |
| | ) | ALLEGING WAGE AND HOUR |
| | ) | CLAIMS |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| CLYDE'S OF GALLERY PLACE, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

I, Lavon Surratt, declare as follows:

1. I am an employee of Defendant Clyde's of Gallery Place, Inc., and the Plaintiff in this action.

2. I give my consent to being a Plaintiff in this action. I wish to seek unpaid wages and overtime compensation under the Fair Labor Standards Act, the District of Columbia Minimum Wage Act Revision Act, and the District of Columbia Wage Payment and Wage Collection Act.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22 day of May, 2010, at Mt. Rainier, Maryland.

_____
Lavon Surratt